UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

_____

№ 02-CV-6553 (JFB) (LB)
_____

MURTY NARUMANCHI & DEVI NARUMANCHI,

Plaintiffs,

VERSUS

WINSTON FOSTER, VANESSA SCOTT,
& GEICO INDEMNITY CO.,

Defendants.

_____

MEMORANDUM AND ORDER
September 30, 2006
_____

JOSEPH F. BIANCO, District Judge:

In this diversity case, *pro se* plaintiffs bring this action against defendants alleging personal injuries resulting from a vehicle accident on July 15, 2000. Defendants move for summary judgment pursuant to Fed. R. Civ. P. 56 based on the affirmative defense of collateral estoppel. For the reasons that follow, the motion is granted and this case is dismissed.

I. Background and Procedural History

This action arises out of a motor vehicle accident on July 15, 2000. Plaintiff Murty Narumanchi owned and operated a vehicle that collided with a vehicle owned and operated by defendants Winston Foster and Vanessa Scott. Plaintiff Murty Narumanchi alleges in this case that a stroke he suffered two weeks after the collision was caused by the collision. Plaintiff Devi Narumanchi seeks damages from defendants for loss of consortium.

Plaintiff Murty Narumanchi filed a separate suit against his own insurance carrier seeking no-fault benefits for the treatment of his stroke. *See Narumanchi v. American Home Assurance Co.*, No. 03-CV-2342 (LB) (E.D.N.Y.) The defendant in that case filed an answer denying Narumanchi's allegations. (*See* Answer, Docket Entry # 5). A trial in that action resulted in a finding in a special verdict that Narumanchi failed to "prove by a

preponderance of the evidence that the car accident on July 15, 2000, was a substantial cause of plaintiff's stroke on July 29, 2000." (*See* Ct. Ex. 2 "Special Verdict Sheet," dated Aug. 24, 2005). The resulting judgment dismissed the action against Narumanchi's insurance carrier. Plaintiff appealed the verdict and judgment in that case, and that appeal is pending in the Second Circuit.

B. PROCEDURAL HISTORY

Plaintiffs' commenced this action in the District of Connecticut, and it was transferred on December 9, 2002, to the Eastern District of New York. The case was assigned to the Honorable Nicholas G. Garafus. Plaintiffs filed an amended complaint at some point prior to January 21, 2004, and defendants filed an amended answer on January 21, 2004. Discovery commenced, and on August 31, 2004, this case was reassigned to the Honorable Sandra L. Townes. Thereafter, on February 21, 2006, the case was reassigned to this Court. On March 23, 2006, defendants moved to amend their answer to add the affirmative defense of collateral estoppel. This Court granted defendants' motion on March 31, 2006. Defendants moved for summary judgment on August 3, 2006. Oral argument was held on September 13, 2006.

II. DISCUSSION

A. Failure of Defendants to Comply with Local Civil Rule 56.2

As a threshold matter, defendants failed to comply with Local Rule 56.2. The relevant part of that Rule, entitled "Notice to Pro Se Litigants Opposing Summary Judgment," requires:

> Any represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, a "Notice To Pro Se Litigant Opposing Motion For Summary Judgment" in the form indicated below . . . .
>
> The defendant in this case has moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. This means that the defendant has asked the court to decide this case without a trial, based on written materials, including affidavits, submitted in support of the motion . THE CLAIMS YOU ASSERT IN YOUR COMPLAINT MAY BE DISMISSED WITHOUT A TRIAL IF YOU DO NOT RESPOND TO THIS MOTION by filing your own sworn affidavits or other papers as required by Rule 56(e) . . . . The full text of Rule 56 is attached.

Local Civil R. 56.2. "[T]he Second Circuit has cautioned that a district court may grant [summary judgment] only if the *pro se* party has received notice that failure to respond to the motion 'will be deemed a default.'" *Gillum v. Nassau Downs Regional Off Track Betting Corp. of Nassau*, 357 F. Supp. 2d 564, 568 (E.D.N.Y. 2005) (quoting *Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); *see also Arum v. Miller*, 304 F. Supp. 2d 344, 349 (E.D.N.Y. 2003) (denying motion for summary judgment without prejudice for failure to comply with Local Rule 56.2). At oral argument, the Court provided *pro se* plaintiffs with a copy of Rule 56, as well as discussed in detail with *pro se* plaintiffs the importance and significance of opposing a motion for summary judgment. In addition, the Court issued an order that provided the notice contemplated by Local Civil Rule 56.2, and gave *pro se* plaintiffs additional time to

2

review the Rule, and submit additional materials. Plaintiffs filed an additional affidavit and exhibits, and they have been considered in connection with this motion. (*See* Docket Entry # 92.); *see Nelson v. Beechwood Organization*, No. 03 Civ. 4441 (GEL), 2006 WL 2067739, at *3 (S.D.N.Y. July 26, 2006) ("After the motion was fully briefed it came to the Court's attention that [defendant] failed to comply with Local Rule 56.2 . . . . The Court issued an order incorporating such notice . . . and provided [*pro se* plaintiff] with an opportunity to submit . . . addition materials . . . .").

"'A district court has broad discretion to determine whether to overlook a party's failure to comply with local court rules.'" *Ostroski v. Town of Southold*, — F. Supp. 2d —, 2006 WL 2053761, at *3 (E.D.N.Y. July 21, 2006) (quoting *Holtz v. Rockefeller & Co., Inc.*, 258 F.3d 63, 73 (2d Cir.2001) (citations omitted)); *see, e.g., Gilani v. GNOC Corp.*, No. 04-CV-2935 (ILG), 2006 WL 1120602, at *2 (E.D.N.Y. Apr.26, 2006) (exercising court's discretion to overlook the parties' failure to submit statements pursuant to Local Civil Rule 56.1). In exercise of this broad discretion, the Court refrains from denying defendants' motion based upon defendants' failure to adhere with Local Civil Rule 56.2. Any prejudice to *pro se* plaintiffs has been cured, as discussed *supra*. Further, the Court afforded *pro se* plaintiffs additional time, and considers the supplemental paperwork submitted by plaintiffs in connection with this motion. *See Nelson*, 2006 WL 2067739, at *3.

B. Applicable Law

A court may dismiss a claim on res judicata or collateral estoppel grounds on either a motion to dismiss or a motion for summary judgment. *See Sassower v. Abrams*, 833 F. Supp. 253, 264 n.18. (S.D.N.Y. 1993) ("Therefore, the defense of res judicata or collateral estoppel may be brought, under appropriate circumstances, either via a motion to dismiss or a motion for summary judgment."); *See Salahuddin v. Jones*, 992 F.2d 447, 449 (2d Cir. 1993) (affirming dismissal of claims under Rule 12(b) on grounds of res judicata ); *Day v. Moscow*, 955 F.2d 807, 811 (2d Cir.), *cert. denied*, 506 U.S. 821 (1992). In addition, the relevant facts for this motion, namely the trial and jury verdict in the related action, are public documents subject to judicial notice, and are not in dispute. *See Jacobs v. Law Offices of Leonard N. Flamm*, No. 04 Civ. 7607 (DC), 2005 WL 1844642, at *3 (S.D.N.Y. July 29, 2005) ("In cases where some of those factual allegations have been decided otherwise in previous litigation, however, a court may take judicial notice of those proceedings and find that plaintiffs are estopped from re-alleging those facts."). Nevertheless, the Court treats this motion as it was filed, as one for summary judgment under Fed. R. Civ. P. 56. *See Ramos v. New York City Dep't of Corr.*, No. 05-CV-223 (JFB) (LB), 2006 WL 1120631, at *2 (E.D.N.Y. Apr. 26, 2006).

Pursuant to Federal Rules of Civil Procedure 56(c), a court may not grant a motion for summary judgment unless "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)*; Globecon Group, LLC v. Hartford Fire Ins. Co.,* 434 F.3d 165, 170 (2d Cir. 2006)*.* The moving party bears the burden of showing that he or she is entitled to summary judgment. *See Huminski v. Corsones*, 396 F.3d 53, 69 (2d Cir. 2005)*.* The court "is not

3

to weigh the evidence but is instead required to view the evidence in the light most favorable to the party opposing summary judgment, to draw all reasonable inferences in favor of that party, and to eschew credibility assessments." *Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 122 (2d Cir. 2004); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986) (stating that summary judgment is unwarranted if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party"). Once the moving party has met its burden, the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts . . . . [T]he nonmoving party must come forward with specific facts showing that there is a *genuine issue for trial*." *Caldarola v. Calabrese,* 298 F.3d 156, 160 (2d Cir. 2002) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)). "[W]hen the meaning of the contract is ambiguous and the intent of the parties becomes a matter of inquiry, a question of fact is presented which cannot be resolved on a motion for summary judgment." *Postlewaite v. McGraw-Hill, Inc.*, 411 F.3d 63, 67 (2d Cir. 2005).

## C. Application

"Collateral estoppel . . . means simply that when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *Leather v. Eyck*, 180 F.3d 420, 424 (2d Cir. 1999) (quoting *Schiro v. Farley*, 510 U.S. 222, 232 (1994)). Under Fed. R. of Civ. P. 8(c), collateral estoppel is an affirmative defenses that must be pleaded by the defendant. *Id.* at 424. If the prior judgment was rendered in federal court, as is the case here, the principles of collateral estoppel require that "(1) the identical issue was raised in a previous proceeding; (2) the issue was actually litigated and decided in the previous proceeding; (3) the party had a full and fair opportunity to litigate the issue; and (4) the resolution of the issue was necessary to support a valid and final judgment on the merits." *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d Cir. 2006) (quoting *Purdy v. Zeldes*, 337 F.3d 253, 258 & n.5 (2d Cir. 2003)).

The question, therefore, is whether the jury finding in Narumanchi's case against his insurance carrier, that the car accident was not a substantial cause of his stroke, prevents Narumanchi from seeking damages suffered by his stroke against the insurance carrier, driver and occupant of the other vehicle involved in the car accident. The Court concludes that plaintiff is collaterally estopped from continuing this action.

In this action, plaintiffs contend that defendant Foster was negligent in operating his vehicle. Specifically, the complaint alleges that Foster was speeding. The complaint alleges that as a result of the accident, Narumanchi suffered a stroke. (*See* Compl. ¶ 3.4.) The damages sought by Narumanchi are a result of the stroke. (*See id.* ¶ 3.9 "As a result of the successive strokes . . . plaintiff . . . has suffered the following monetary losses . . .") The only damages sought by Devi Narumanchi is for loss of consortium as a result of defendants' alleged negligence. (*See id.* ¶ 6.3.) To succeed in this case under New York law, plaintiff is required to prove a causal connection between the alleged breach by defendants, and the damages sought by plaintiffs. *See Di Benedetto v. Pan Am World Service, Inc.*, 359 F.3d 627, 630 (2d Cir. 2004). Put another way, assuming *arguendo* that defendants negligently caused the accident, plaintiff still must prove that the accident caused his stroke, and the damages that followed. Because a jury found against plaintiff on this very issue

4

in a related case, collateral estoppel prevents him from re-litigating this alleged causal connection in this case. *See Leather*, 180 F.3d at 424. Plaintiffs argue that the theories of proof are different in the two cases. Even if this is true, it does not change the analysis under collateral estoppel. *See Ball*, 451 F.3d at 69. The fact that negligence is alleged in one action, and bad faith is alleged in another action, *see* Aff. in Opp. at 3, both causes of action necessarily require a causal connection between the underlying event (car accident) and the stroke. A jury found no such connection.

For similar reasons, plaintiff Devi Narumanchi's claim fails. A cause of action for loss of consortium cannot exist independent of a viable claim for the spouse's injuries. *Liff v. Schildkrout*, 49 N.Y.2d 622, 632 (1980) ("Nor can it be said that a spouse's cause of action for loss of consortium exists in the common law independent of the injured spouse's right to maintain an action for injuries sustained."). Hence, as Devi Narumanchi's claim necessarily rises and falls with the success of her husband's claims, her claim for loss of consortium is dismissed.

Finally, plaintiffs' argument that collateral estoppel does not apply because the related case is on appeal is also rejected because a decision is "final" when judgment is entered, even if an appeal is later filed. *See Martin v. Malhoyt*, 830 F.2d 237, 264 (D.C. Cir. 1987); *Brown v. Hanover Trust Co.*, 602 F. Supp. 549, 551 (S.D.N.Y. 1984) ("That the plaintiff is attempting to appeal the . . . [related decision] does not affect the outcome of this motion. In New York, the pendency of an appeal does not alter the res judicata effect of the challenged judgment.") (citing cases). Indeed, "[t]he pendency of an appeal . . . does not automatically diminish the preclusive effects of a prior adjudication." *Martin*, 830 F.3d at 264. *See also Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497 (D.C.Cir. 1983) (noting "well-settled federal law" that appeal "does not diminish the res judicata effects of a judgment rendered by a federal court"); Restatement (Second) of Judgments § 13 & comment f (any "sufficiently firm" prior adjudication should be deemed "final" and accorded conclusive effect; the "better view is that a judgment otherwise final remains so despite the taking of an appeal unless [the] appeal actually consists of a trial de novo"). The Court, however, understands *pro se* plaintiffs concerns about what would happen in this case if the prior action is reversed on appeal. If that were to happen, the plaintiffs in this action can write to this Court informing them of this fact, and the Court will re-open the case pursuant to Fed. R. Civ. P. 60(b)(6) ("The Court may relieve a party . . . from a final judgment . . . [if] a "prior judgment upon which it is based has been reversed or otherwise vacated").

III. CONCLUSION

For the reasons set forth above, defendants' motion for summary judgment based on collateral estoppel is GRANTED and plaintiff Murty Narumanchi's claims are dismissed. Devi Narumanchi's claim for loss of consortium is also dismissed. The Clerk of the Court shall enter judgment in favor of defendants and close this case.

SO ORDERED.

_____

JOSEPH F. BIANCO
United States District Judge

Dated: September 29, 2006
Central Islip, NY

5

\* \* \*

Plaintiffs were *pro se*. Defendants are represented by John W. Kondulis, Esq., Bilello & Walisever, 875 Merrick Road, Westbury, NY, 11590.